MARK L. SHURTLEFF (#4666)
SHURTLEFF LAW FIRM
P.O. Box 900873
Sandy, Utah 84090
(801) 441-9625
mark@shurtlefflawfirm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| INTELLIGENT PAYMENTS, LLC,<br><br>                    Plaintiff,<br>v.<br><br>REVPROTECT, INC. aka REVPROTECT, LLC; JASON TAYLOR; JANA TAYLOR; AND DOES 1-10,<br><br>                    Defendants. | **RESPONSE TO ORDER TO SHOW CAUSE**<br><br>Case No. 2:15-cv-00410<br><br>Judge: Dale A. Kimball |

Defendants RevProtect, LLC and Jana Taylor, through undersigned counsel, hereby respond to the Court's Order to Show Cause (Doc. 34).

## I.   INTRODUCTION

The Court should deny the of default or default judgment against Defendants pursuant to Fed. R. Civ. P. 55(c) because there is good cause for Defendants' delay in appearing in this action

## II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

1. Plaintiff filed the original complaint against Defendants on June 10, 2015.

2. A year passed, and due to no inaction or delays by Defendants, on June 2, 2016, Magistrate Judge Dustin Pead ordered Plaintiff to file an amended complaint that "identifies and properly alleges the citizenship of all of Intelligent Payments, LLC's, members."

1

3. Plaintiff filed an Amended Complaint on June 17, 2016 but did not attempt service on Defendants Jana Taylor and RevProtect until October 8, 2016. Plaintiff did not file Proof of Service with this Court until January 10, 2017.

4. From May through December 2016, Defendant Jason Taylor was consumed with defending himself and negotiating a plea agreement with the United States in federal criminal case No. 2:14-cr-00137. The allegations in that case are unrelated to this action. Defendant Jana Taylor was equally consumed with supporting and assisting her husband, caring for their children and assisting her husband with the complications of serious medical conditions – all of which are documented in that federal criminal proceeding. Defendant Jason Taylor entered a guilty plea on July 22, 2016, a Forfeiture Order of $599,961.14 was entered on September 9, 2016, and on November 16, 2016, Defendant Jason Taylor was sentenced to 40 months in prison. Final Judgment was entered on December 1, 2016. He was ordered to surrender to U.S. Marshalls on January 27, 2016 for transport to a federal correctional facility in Colorado,

5. Attorney, Mark L. Shurtleff, was retained by Defendants and filed an Appearance in this court on October 28, 2016

6. On November 15, 2016, Plaintiff's counsel granted Defendants Jana Taylor and RevProtect, LLC an extension through November 21, 2016 to plead or otherwise defend in response to the Amended Complaint. However, based primarily on the facts enumerated in paragraph 4 above, Defendants did not respond.

7. On November 1, 2016, the Court entered Notice of ADR, Notice of Initial Scheduling and Notice of Magistrate Assignment. On November 16, 2016, the case was reassigned to District Judge Dale Kimball.

8. On January 11, 2017, an Initial Pretrial Conference was held.

**III.    ARGUMENT**

The "good cause" standard under Rule 55(c) is not particularly onerous. The Tenth Circuit has noted that "it is well established that the good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." Pinson v. Equifax Credit Info. Servs., Inc., 316 F. App'x 744, 750 (10th Cir. 2009) (quoting Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp., 115 F.3d 767, 775 n.6 (10th Cir. 1997)).

The principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant; (2) whether the plaintiff would be prejudiced if the default should be set aside; and (3) whether the defendant presents a meritorious defense. see, e.g., Hunt v. Ford Motor Co., 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (citing Dierschke v. O'Cheskey, 975 F.2d 181, 183 (5th Cir. 1992)). However, these factors are not "talismanic", and the court may consider other factors such as the judiciary's general distaste for default judgment. Walker v. United Parcel Serv., Inc., 240 F.3d 1268, 1272 (10th Cir. 2001).

Setting aside an entry of default is addressed to the discretion of the district court, which has "a great deal of latitude" in exercising that discretion. See Nikwei v. Ross School of Aviation, Inc., 822 F.2d 939, 941 (10th Cir. 1987), and Guttman v. Silverberg, 167 F. App'x. 1, 4 (10th Cir. 2005). Yes, it is within the court's discretion whether to set aside a default entry; however, "the preferred disposition of any case is upon its merits and not by default judgment." Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970).

"Default judgments are a harsh sanction." Ruplinger v. Rains, 946 F.2d 731, 732 (10th

3

Cir. 1991). The Court has noted that, "[b]ecause default judgment is a harsh sanction involving a court's power to enter and enforce judgments regardless of the merits of a case, courts do not favor such a sanction 'purely as a penalty for delays in filing or other procedural error.'" Noland v. City of Albuquerque, CIV 08-0056 JB/LFG, 2009 WL 2424591, at *1 (D.N.M. June 18, 2009)(Browning, J.)(quoting Ruplinger v. Rains, 946 F.2d at 733).

> [S]trong policies favor resolution of disputes on their merits: [T]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection.

*Id.* at 732-33 (citations omitted)(internal quotation marks omitted). See also Noland v. City of Albuquerque, 2009 WL 2124591, at *1 (denying motion for default judgment, because the counsel for the defendant City of Albuquerque "entered an appearance three days after Noland filed his motion for default judgment," and, thus, the Court could not "reasonably say that the City of Albuquerque is an essentially unresponsive party, that the adversary process has been halted, or that Noland faces interminable delay because of the City of Albuquerque's actions").

    A.    **Defendants' Delay in Responding to the Lawsuit was Not Culpable.**

During the time relevant to responding to the Amended Complaint, Defendant Jana Taylor, the sole member and manager of Defendant RevProtect, LLC, was consumed with supporting and assisting her husband, Defendant Jason Taylor, through the complex and trying federal criminal process outline above. Defendants had no intent to gain an advantage over the opposing party or to delay legal proceedings. Legal proceedings have not been delayed by the three month delay in responding.

### B. Plaintiff Will Not Suffer Prejudice If Entry of Default Is Set Aside.

Prejudice is determined by whether a party will be hindered in pursuing its claim. See Knoebber, 244 F.3d at 701. The fact that a party may be denied a quick victory is not sufficient to deny relief from default judgment. Bateman v. United States Postal Service, 231 F.3d 1220, 1225 (9th Cir. 2000). "The delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." Audio Toys, 2007 U.S. Dist. LEXIS at *9.

As set forth above, there was an initial one year delay in moving this case forward which was entirely the responsibility of the Plaintiff based on deficient pleading of diversity jurisdiction. The three month delay since service of the Amended Complaint did not stop or delay the process of reassignment of the case to Judge Kimball, notice of ADR and scheduling. Furthermore, Plaintiff has made no allegation that it has been prejudiced by the three month delay.

### C. Defendants Meritorious Defenses and Oppositions to the Lawsuit.

All that is required to meet the meritorious defense test is an assertion of "a factual or legal basis that is sufficient to raise a particular defense; the question of whether a particular factual allegation is true is resolved at a later stage." Audio Toys, Inc. v. Smart AV Pty Ltd., 2007 U.S. Dist. LEXIS 44078, *8 (N.D. Cal. June 6, 2007).

On January 24, 2017, Defendants Jana Taylor and RevProtect Inc. will file their Motion to Dismiss on behalf of Defendants. under Fed. R. Civ. P. 12(b) based upon several grounds including naming the wrong party, RevProtect, Inc., which has not been registered as a corporation since 2009; and failure to state a claim upon which relief can be granted based upon

5

the fact that the ISO Agreement which forms the basis of the Amended Complaint was purportedly signed by Defendant Jason Taylor who, according to the Utah Division of Corporations, had never been a member, manager, registered agent or "authorized officer" of RevProtect LLC, and was therefore not authorized to bind the LLC to any contract or agreement.

Based upon the forgoing, Defendants Jana Taylor and RevProtect LLC respectfully petition this Court to exercise its discretion, in light of the lack of prejudice to plaintiff, the early stage of the case, the potential for meritorious defenses and jurisdictional concerns, and the preference for deciding cases on their merits, and find that good cause exists here to deny the entry of default or default judgment.

DATED this 23rd day of January, 2017.

       */s/ Mark L. Shurtleff*
MARK L. SHURTLEFF
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd Day of January, 2017, a true and correct copy of RESPONSE TO ORDER TO SHOW CAUSE was electronically filed with the Clerk of Court using the CM/ECF Pacer system, which sent notification of such filing to:

Grant M. Sumsion
Daniel L. Steele
SUMSION STEELE &
CRANDALL
3400 N Ashton Blvc. Ste. 490
Lehi, UT 84043

*/s/ Mark L. Shurtleff*
Mark L. Shurtleff