Grant M. Sumsion (6445)
Daniel L. Steele (6336)
Attorneys for Plaintiffs
SUMSION STEELE & CRANDALL
3400 N Ashton Blvd, Suite 490
Lehi, UT 84043
Telephone: (801) 426-6888
Email:  dan@sumsionsteele.com
           grant@sumsionsteele.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| INTELLIGENT PAYMENTS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>REVPROTECT, INC. aka REVPROTECT, LLC, a Utah corporation; JASON TAYLOR, an individual; JANA TAYLOR, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | **PLAINTIFF'S COMBINED OPPOSITION TO DEFENDANTS' MOTIONS TO QUASH SERVICE AS TO DEFENDANT REVPROTECT AND MOTION TO DISMISS AS TO DEFENDANT JANA TAYLOR**<br><br>Civil No.: 2:15-cv-00410-DAK<br><br>Judge: Dale A. Kimball |

## INTRODUCTION

The Court should deny the joint filed motion of Defendant RevProtect Inc. aka RevProtect, LLC (the "Corporation") to quash service of process as to it, and motion of Jana Taylor ("Ms. Taylor" and together with the Corporation collectively "Defendants") to dismiss the Amended Complaint as to her. The Motions to Quash Service as to the Corporation and to Dismiss as to Ms. Taylor are referred to herein as the "Motions".  Service of process upon the Corporation was effectual, complied with all legal requirements, and Defendants' arguments provide no basis to quash it. Plaintiff Intelligent Payments, LLC has sufficiently alleged claims

against Ms. Taylor for Breach of Contract, Express Contractual Indemnity, Fraud, Civil Conspiracy, RICO, Pattern of Unlawful Activities, and Negligent Misrepresentation. Defendant's arguments regarding whether Ms. Taylor is a party to the ISO Agreement ignore the clear allegations of alter ego in the Amended Complaint and are wholly irrelevant to the non-contract claims against Ms. Taylor. Plaintiff has pled all necessary elements of alter ego against Ms. Taylor. Plaintiff has also pled all necessary elements of its non-contract claims against Ms. Taylor (and Defendants do not allege otherwise). Consequently, the Court should deny the Motions.

## ARGUMENT

**I.    Plaintiff's Service of Process on the Corporation was Proper and the Court Should Deny Defendants' Motion to Quash it.**

When a defendant challenges the sufficiency of process pursuant to Federal Rules of Civil Procedure 12(b)(4) & (5), the "plaintiff bears the burden to make a prima facie case that he has satisfied statutory and due process requirements so as to permit the Court to exercise personal jurisdiction over defendants." *Fisher v. Lynch,* 531 F.Supp.2d 1253, 1260 (D. Kan. 2008). Here, there is no question that the service upon the Corporation was proper.

Service against a corporation is effective if a copy of the summons and complaint are delivered to any agent "authorized by appointment or by law to receive service of process" on behalf of the corporation. Fed. R. Civ. P. 4(h)(B). Here, the facts establish that Jason Taylor (hereinafter "Mr. Taylor") is the registered agent for the Corporation and, therefore, service upon him effectuated service upon the Corporation.

Defendants' bald assertion that Mr. Taylor is not a "registered agent of defunct RevProtect, Inc." is directly contradicted by the document attached as Exhibit A to the Motions showing that he is still designated with the Utah Department of Corporations and Commercial Code (the

"UDCC") as the Corporation's registered agent. (Doc 39-1). This is tantamount to a judicial admission that Mr. Taylor is the registered agent of the Corporation. Moreover, to change or alter its registered agent, a Utah corporation must file specific documents with the UDCC. *See* Utah Code Ann. §§ 16-7-15(2) & 16-17-2 (setting forth procedures for changing registered agent). *See also* Utah Code Ann. §16-7-8(2) (the authority of an agent designated with the Division of Corporations and Commercial Code shall continue until revoked). Defendants have not even alleged that Mr. Taylor was removed or substituted as the registered agent for the Corporation.

Likewise, the allegation that the Corporation is defunct is not relevant to the efficacy of service upon it. Federal Courts look to the law of the State under which a Corporation was organized to determine its capacity to be sued. Fed.R. Civ. P. 17(b)(2). Utah explicitly provides for service of process on the registered agent of a dissolved corporation. Utah Code Ann. § 16-10a-1409.

Defendants' puzzling argument that Mr. Taylor is not a member, manager, officer or registered agent of RevProtect LLC (a non-existent entity wholly distinct from RevProtect Inc. and Rev Protect LLC) has no bearing on whether Mr. Taylor is the registered agent for the Corporation (RevProtect Inc.). Importantly, there is no entity RevProtect LLC. Rather, the entity that of which Ms. Taylor has been shown to be a manager is the closely, but distinctly, named Rev Protect LLC. (*See* Doc 39-2.) The contradictions in Defendants' Motions serve to underscore that Defendants have played fast and loose with these companies to the extent that their own lawyer does not seem to recognize the distinction between the two entities. Plaintiff is aware that Rev Protect LLC has not been served in this matter and acknowledges that an amendment will be necessary to bring Rev Protect LLC into this action. Nonetheless, the

Corporation was properly served under Utah and Federal law and is amenable to suit. Consequently, the Court should deny Defendants' Motion to Quash service upon it.

    **II.    The Causes of Action Alleged Against Ms. Taylor are not Dependent Upon her Being a Party to the ISO Agreement and the Court Should Deny the Motion to Dismiss**

When presented with a motion to dismiss, the Court's inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.' " *Ridge at Red Hawk, LLC v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544)). When analyzing a 12(b)(6) motion, "all well-pleaded factual allegations ... are accepted as true and viewed in the light most favorable to the nonmoving party." *Sutton v. Utah State School for Deaf and Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999). "A 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle it to relief." *Id.* Here, Plaintiff has alleged facts which, if proven, would entitle it to relief and the Court should deny Defendants' Motion to Dismiss.

As an initial matter, whether or not Ms. Taylor is a party to the ISO Agreement is irrelevant to Plaintiff's causes of action for Fraud, Civil Conspiracy, RICO, Pattern of Unlawful Activities, and Negligent Misrepresentation. None of these claims contain an element requiring that Ms. Taylor be a party to the ISO Agreement, which is the sole basis under which Defendants seek dismissal. In fact, these claims, as to Ms. Taylor, are based upon her own actions – not contractual obligations – which are clearly delineated throughout the Amended Complaint. Consequently, Defendants have failed to provide any basis to dismiss these causes of action against Ms. Taylor and the Court should deny summarily the Motion to Dismiss as to these claims.

Moreover, as is overtly clear from the allegations in the Amended Complaint, Plaintiff's causes of action for Breach of Contract and Express Contractual Indemnity are not based upon Ms. Taylor being a direct party to the ISO Agreement. Rather, Ms. Taylor is liable under these claims under the theory of alter ego.

A court may disregard a corporate entity under the alter ego doctrine if: "(1) a unity of interest and ownership exists such that the separate personalities of the entities no longer survive; and (2) the observance of the corporate form would sanction a fraud, promote injustice, or an inequitable result would follow." *Lowry*, 2012 UT 39, ¶ 14 (quoting *Thrift & Loan Co.*, 596 P.2d 1028, 1030 (Utah 1979)). In determining whether the alter ego doctrine applies, Utah courts consider the following non-exclusive factors:

> (1) undercapitalization of a one-man corporation; (2) failure to observe corporate formalities; (3) nonpayment of dividends; (4) siphoning of corporate funds by the dominant stockholder; (5) nonfunctioning of other officers or directors; (6) absence of corporate records; (7) the use of the corporation as a façade for operations of the dominant stockholder or stockholders; and (8) the use of the corporate entity in promoting injustice or fraud.

*Id.*

The Amended Complaint clearly spells out that Plaintiff is asserting the contract-based claims against Ms. Taylor under a theory of alter ego and alleges all necessary elements to establish alter ego. The Amended Complaint repeatedly alleges that RevProtect Inc. is an alter ego of Mr. and Ms. Taylor, such that (1) there is a unity of interest making them indistinguishable from each other and (2) an inequitable result will occur if RevProtect Inc. and Mr. and Ms. Taylor are not treated as one and the same. (Amended Complaint ("Am. Cplt.") at ¶¶ 14, 18, 54). Plaintiff also alleges the Corporation is inadequately capitalized and staffed (Am. Cplt. at ¶¶ 15, 54), does not regularly maintain corporate meetings and minutes and fails to

observe corporate formalities (Am. Cplt. at ¶¶ 16, 54), comingles funds (Am. Cplt. at ¶¶ 16, 54), and is a sham corporation used to defraud the public (Am. Cplt. at ¶¶ 17, 54).

This is all that the law requires of Plaintiff – to allege facts which, if true, would entitle it to relief. Plaintiff has done so and the Court should deny Defendants' Motion to Dismiss.

## CONCLUSION

The evidence before the Court establishes that Plaintiff effectuated service on the Corporation through its registered agent, Mr. Taylor. Furthermore, Plaintiff has met its burden of pleading facts sufficient to survive a motion to dismiss as to Ms. Taylor on all claims. Consequently, the Court should deny Defendants' Motions.

DATED this 8th day of February, 2017

SUMSION STEELE & CRANDALL

/s/ Grant M. Sumsion
Grant M. Sumsion
Daniel L. Steele
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on this 8th day of February, 2016, a true and correct copy of the foregoing **PLAINTIFF'S COMBINED OPPOSITION TO DEFENDANTS' MOTIONS TO QUASH SERVICE AS TO DEFENDANT REVPROTECT AND MOTION TO DISMISS AS TO DEFENDANT JANA TAYLOR** was served upon the following persons in the manner indicated:

| | |
|---|---|
| MARK L. SHURTLEFF (#4666)<br>SHURTLEFF LAW FIRM<br>P.O. Box 900873<br>Sandy, Utah 84090<br>(801) 441-9625<br>mark@shurtlefflawfirm.com | ___ Hand-Delivery<br> X  U.S. Mail, First Class, Postage Prepaid<br>___ E-mail<br>___ Electronic Filing |

/s/ Holly S. Lovelace