# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **INTELLIGENT PAYMENTS, LLC,** | **MEMORANDUM DECISION AND ORDER** |
| Plaintiff, | |
| vs. | |
| **REVPROTECT, INC. aka REVPROTECT, LLC; JASON TAYLOR; JANA TAYLOR; and DOES 1-10,** | Case No. 2:15-CV-410-DAK |
| | Judge Dale A. Kimball |
| Defendants. | |

This matter is before the court on Defendant RevProtect, Inc.'s, Motion to Quash Service and on Defendant Jana Taylor's Motion to Dismiss. A hearing on the motions was held on April 25, 2017. At the hearing, Plaintiff Intelligent Payments, LLC, was represented by Grant Sumsion. Defendants RevProtect, Inc., and Jana Taylor were represented by Mark Shurtleff. Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties. Since taking the matter under advisement, the court has further considered the law and facts relating to the matter. Now being fully advised, the court renders the following Memorandum Decision and Order.

## BACKGROUND

On June 10, 2015, Plaintiff Intelligent Payments, LLC, filed a Complaint against Defendants Jason Taylor, Jana Taylor, and RevProtect, LLC. Pursuant to an order from Magistrate Judge Dustin Pead, on June 17, 2016, Plaintiff filed an Amended Complaint against Jason Taylor, Jana Taylor, and RevProtect, Inc., a.k.a. RevProtect, LLC. The Amended Complaint alleges the following causes of action against all Defendants: breach of an

1

Independent Sales Organization ("ISO") agreement that was signed by Jason Taylor on behalf of RevProtect, LLC; express contractual indemnity based on the same agreement; fraud; civil conspiracy; violations of the Racketeering Influenced Corrupt Organizations ("RICO") Act; a pattern of unlawful activities; and negligent misrepresentation.

On September 20, 2016, Magistrate Judge Pead entered a Default Certificate against Defendant Jason Taylor based on his failure to plead or otherwise defend. In a Scheduling Conference before Magistrate Judge Pead held on September 29, 2016, the court discussed outstanding issues related to service on Defendants Jana Taylor, RevProtect, LLC, and RevProtect, Inc., and the court granted Plaintiff's request for additional time to serve those Defendants.

On or about October 8, 2016, Plaintiff served the Summons and Amended Complaint on Defendant Jana Taylor personally and on Defendant RevProtect, Inc., by leaving a copy with Defendant Jason Taylor. On January 10, 2017, Plaintiff filed proof of service on Defendants Jana Taylor and RevProtect, Inc. In response to an Order to Show Cause, Defendants Jana Taylor and RevProtect, Inc., filed a Motion to Quash Service as to RevProtect and to Dismiss as to Jana Taylor. Plaintiff filed an opposition to the motions, but Defendants did not file a reply.

## DISCUSSION

## MOTION TO QUASH SERVICE

When a defendant challenges the sufficiency of process pursuant to Federal Rules of Civil Procedure 12(b)(4) and (5), the "plaintiff bears the burden to make a prima facie case that he has satisfied statutory and due process requirements so as to permit the Court to exercise personal jurisdiction over defendants." *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008). Service against a corporation is effective if a copy of the summons and complaint are

delivered to any agent "authorized by appointment or by law to receive service of process" on behalf of the corporation. Fed. R. Civ. P. 4(h)(1)(B).

Defendants argue both that the summons for RevProtect was defective and that service on RevProtect was improper. First, Defendants argue that, pursuant to Federal Rule of Civil Procedure 4, a summons must "be directed to the defendant," which, in the case of a corporation, requires it to be directed to "an officer, a managing or general agent or to any other agent authorized by appointment or law to receive service of process" for the defendant. Fed. R. Civ. P. 4(a)(1)(B), (h)(1)(B). Defendants argue that, because the summons was directed to "REVPROTECT, INC. aka REVPROTECT, LLC," the summons was defective on its face and should be quashed.

Defendants first argument is based on a misreading of Rule 4. Defendants correctly state that Rule 4 requires a summons to be "directed to the defendant." Fed. R. Civ. P. 4(a)(1)(B). However, Defendants incorrectly conclude that, because Rule 4 requires a corporation to be *served* by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," Fed. R. Civ. P. 4(h)(1)(B), that the summons must be directed to one of those individuals. In this case, the court concludes that Plaintiff correctly directed the summons to the corporate defendant, so the summons was not defective on its face.

Defendants next argue that service on RevProtect was improper because Plaintiff attempted service on Jason Taylor, who Defendants argue is not a member, manager, or authorized agent of RevProtect. According to Defendants, service should have been made on Jana Taylor, who is the sole member and registered agent of RevProtect identified by the State of Utah Corporation Division. Therefore, Defendants argue that Plaintiff's attempted service on

RevProtect should be quashed because Plaintiff failed to serve RevProtect by any proper, authorized method. On the other hand, Plaintiff argues that it properly served RevProtect, Inc., an apparently defunct corporation, by serving Jason Taylor, who is still designated with the Utah Department of Corporations and Commercial Code as the registered agent for RevProtect, Inc. Plaintiff argues that its service was proper because, pursuant to Federal Rule of Civil Procedure 17(b)(2), the capacity of a corporation to be sued is determined by "the law under which it was organized," and Utah provides for service on the registered agent of a dissolved corporation. Utah Code Ann. § 16-10a-1409.

The differences between the positions of the parties seem to be significantly related to the existence of, and confusion between, multiple, similarly named organizations. The parties seem to agree that RevProtect, Inc., is a now-defunct organization, which still has Jason Taylor listed as its registered agent. RevProtect, LLC, is a non-existent entity that appears to be mentioned in some contracts relevant to this case. Rev Protect, LLC, is a distinct organization from RevProtect, Inc., which has Jana Taylor as its sole member and registered agent. With that understanding, Defendants appear to be arguing that Plaintiff has failed to properly serve Rev Protect, LLC, while Plaintiff is arguing that it properly served RevProtect, Inc.

The court concludes that Plaintiff did properly serve RevProtect, Inc., which is the entity that is currently named as a Defendant in this case. Because Plaintiff properly served the named Defendant, Defendant's argument that the attempted service should be quashed as improper lacks merit. However, the court notes that if Plaintiff intends to pursue claims against Rev Protect, LLC, Plaintiff will need to amend its Complaint to include Rev Protect, LLC, as a named defendant.

## MOTION TO DISMISS

Defendant Jana Taylor also argues that she should be dismissed as an improper party because she was not a party to the ISO agreement and because, according to Defendants, Plaintiff has not presented sufficient allegations to warrant a piercing of the corporate veil. On a motion to dismiss, the court determines "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544). In the analysis, "all well-pleaded factual allegations . . . are accepted as true and viewed in the light most favorable to the nonmoving party." *Sutton v. Utah State School for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). "A 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle it to relief." *Id.*

A court may disregard a corporate entity under the alter ego doctrine if "(1) a unity of interest and ownership exists such that the separate personalities of the entities no longer survive; and (2) the observance of the corporate form would sanction a fraud, promote injustice, or an inequitable result would follow." *Lowry*, 2012 UT 39, ¶ 14 (quoting *Thrift & Loan Co.*, 596 P.2d 1028, 1030 (Utah 1979)). To determine whether the alter ego doctrine applies, courts consider the following non-exclusive factors:

> (1) Undercapitalization of a one-man corporation; (2) failure to observe corporate formalities; (3) nonpayment of dividends; (4) siphoning of corporate funds by the dominant stockholder; (5) nonfunctioning of other officers or directors; (6) absence of corporate records; (7) the use of the corporation as a façade for operations of the dominant stockholder or stockholders; and (8) the use of the corporate entity in promoting injustice or fraud.

*Id.*

Although Ms. Taylor is moving to dismiss all of Plaintiff's claims against her, Ms. Taylor's only argument for dismissal is that Jana Taylor is not a party to the ISO agreement. Whether or not Ms. Taylor is a party to the ISO agreement is irrelevant to Plaintiff's causes of action for fraud, civil conspiracy, RICO, pattern of unlawful activities, and negligent misrepresentation. Therefore, the court concludes that these causes of action against Ms. Taylor should not be dismissed.

Plaintiff also argues that, contrary to Ms. Taylor's arguments, Plaintiff has presented sufficient allegations to maintain its contract-based claims under a theory of alter ego. Specifically, in its Amended Complaint, Plaintiff asserts that the contract-based claims against Jana Taylor are based on a theory of alter ego and alleges several elements required to establish alter ego. In addition to repeatedly alleging that RevProtect, Inc., is an alter ego of Jason and Jana Taylor, Plaintiff alleges the corporation is inadequately capitalized and staffed; does not regularly maintain corporate meetings and minutes and fails to observe corporate formalities; comingles funds; and is a sham corporation used to defraud the public.

The court agrees that Plaintiff has presented sufficient allegations to survive a motion to dismiss on its contract-based claims under a theory of alter ego. In other words, Plaintiff's allegations contain sufficient facts to state a claim to relief on its contract-based claims under a theory of alter ego that is plausible on its face.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant RevProtect, Inc.'s, Motion to Quash Service is DENIED, and Defendant Jana Taylor's Motion to Dismiss is also DENIED.

DATED this 8th day of May, 2017.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge