MARK L. SHURTLEFF (#4666)
SHURTLEFF LAW FIRM
P.O. Box 900873
Sandy, Utah 84090
(801) 441-9625
mark@shurtlefflawfirm.com
*Attorney for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| INTELLIGENT PAYMENTS, LLC,<br><br>                    Plaintiff,<br>v.<br><br>REVPROTECT, INC. aka REVPROTECT, LLC; JASON TAYLOR; JANA TAYLOR; AND DOES 1-10,<br><br>                    Defendants. | **DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE**<br><br>Case No. 2:15-cv-00410<br><br>Judge: Dale A. Kimball |

Defendants RevProtect, LLC and Jana Taylor (hereafter "Defendants"), through undersigned counsel, hereby respond to the Court's Order to Show Cause (Doc. 47).

### I. INTRODUCTION

The Court should deny the entry of default or default judgment against Defendants pursuant to Fed. R. Civ. P. 55(c) because there is good cause for Defendants' delay in filing a Answer in this action.

### II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

1. Plaintiff filed the original complaint against Defendants on June 10, 2015.

2. A year passed, and due to no inaction or delays by Defendants, on June 2, 2016, Magistrate Judge Dustin Pead ordered Plaintiff to file an amended complaint that "identifies and properly alleges the citizenship of all of Intelligent Payments, LLC's, members."

1

3.       Plaintiff filed an Amended Complaint on June 17, 2016 but did not attempt service on Defendants Jana Taylor and RevProtect until October 8, 2016. Plaintiff did not file Proof of Service with this Court until January 10, 2017.

4.       From May through December 2016, Defendant Jason Taylor was consumed with defending himself and negotiating a plea agreement with the United States in federal criminal Case No. 2:14-cr-00137. The allegations in that case are unrelated to this action. Defendant Jana Taylor was equally consumed with supporting and assisting her husband, caring for their children and assisting her husband with the complications of serious medical conditions – all of which are documented in that federal criminal proceeding. Defendant Jason Taylor entered a guilty plea on July 22, 2016, and Forfeiture Order of $599,961.14 was entered on September 9, 2016.

5.       Attorney, Mark L. Shurtleff, was retained by Defendants and filed an Appearance in this court on October 28, 2016.

6.       On November 1, 2016, the Court entered Notice of ADR, Notice of Initial Scheduling and Notice of Magistrate Assignment. On November 16, 2016, the case was reassigned to District Judge Dale Kimball.

7..      On November 15, 2016, Plaintiff's counsel granted Defendants Jana Taylor and RevProtect, LLC an extension through November 21, 2016 to plead or otherwise defend in response to the Amended Complaint. However, based primarily on the facts enumerated here, Defendants did not respond.

8.       On November 16, 2016, Defendant Jason Taylor was sentenced to 40 months in prison in Case No. 2:14-cr-00137. Final Judgment was entered on December 1, 2016. He was ordered to surrender to U.S. Marshalls on January 27, 2016 for transport to a federal correctional

facility in Colorado.

9. On January 11, 2017, an Initial Pretrial Conference was held in this matter.

10. On January 15, 2017, Jason Taylor was arrested at his home and incarcerated on additional criminal charges. He has been continuously incarcerated since that date and is currently serving time at FCI Terminal Island.

10. On January 18, 2017, Jason Taylor was indicted by a Federal Grand Jury on charges related to his self-surrender to begin his forty-month prison sentence.

11. On January 26, 2017, Defendants Jana Taylor and RevProtect filed Motions to Quash service and for Judgment on the Pleadings.

12. On April 11, 2017, Jason Taylor pled guilty to Contempt of Court and Unlawful Use of a Means of Identification and was sentenced to twelve months to be served consecutive to the forty months he had already begun serving on the prior conviction.

13. On April 25, 2017, this Court heard oral argument on Jana Taylor's and RevProtect's Motions to Quash and to Dismiss, and on May 6. 2017, the Court entered an Order denying those Motions and ordering Defendants to respond to the Amended Complaint within fourteen day (May 20, 2017.) Defendants have not yet responded.

14. Just four days after the entry of the Order denying the Motions, 0n May 10, 2017 Defendant Jason Taylor was suddenly transported out of Salt Lake County Metropolitan Jail without notification to Defendant Jana Taylor. For the next two weeks, Ms. Taylor was consumed with trying to find where her husband was. It wasn't until May 24 that she was able to find out with Mr. Shurtleff help, that her husband was at FCI Terminal Island after weeks in transit and in temporary holding facilities. Communications are substantially limited by Mr. Taylor's incarceration and as a single mother, Mrs. Taylor's free time has been significantly

reduced.

15. In paragraph 38 of the Amended Complaint, Plaintiff falsely avers that it is being sued in the Northern District of Georgia by Global Payments Direct (case no. 1:14-CV-02634-LMM) and that the $1.9 million Global was suing it for was attributable to excessive chargebacks caused by Defendant. See Docket Number 45 in that case (Attached hereto as Exhibit A) which establishes that on February 22, 2016 – four months before the Amended Complaint was filed herein - the District Court in Georgia dismissed with prejudice Global Payments' action against Plaintiff here (on Global's own motion.). Plaintiff had filed a Third Party Complaint in that action alleging similar causes of action as alleged against Defendants here. That case continues after the District Court let Intelligent Payments proceed with the case after delays and its response to the Court's Order to Show Cause why the Third-Party Complaint shouldn't be dismissed for failure to prosecute

16. Defendants have filed concurrently herewith their Answer to the Amended Complaint outlining what they consider to be meritorious defenses, and ask the Court to allow them to file it and move forward with litigation of this matter.

### III. ARGUMENT

**A. Introduction.**

The "good cause" standard under Rule 55(c) is not particularly onerous. The Tenth Circuit has noted that "it is well established that the good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." Pinson v. Equifax Credit Info. Servs., Inc., 316 F. App'x 744, 750 (10th Cir. 2009) (quoting Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp., 115 F.3d 767, 775 n.6 (10th Cir.

4

1997)).

The principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant; (2) whether the plaintiff would be prejudiced if the default should be set aside; and (3) whether the defendant presents a meritorious defense. see, e.g., Hunt v. Ford Motor Co., 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (citing Dierschke v. O'Cheskey, 975 F.2d 181, 183 (5th Cir. 1992)). However, these factors are not "talismanic", and the court may consider other factors such as the judiciary's general distaste for default judgment. Walker v. United Parcel Serv., Inc., 240 F.3d 1268, 1272 (10th Cir. 2001).

Setting aside an entry of default is addressed to the discretion of the district court, which has "a great deal of latitude" in exercising that discretion. See Nikwei v. Ross School of Aviation, Inc., 822 F.2d 939, 941 (10th Cir. 1987), and Guttman v. Silverberg, 167 F. App'x. 1, 4 (10th Cir. 2005). Yes, it is within the court's discretion whether to set aside a default entry; however, "the preferred disposition of any case is upon its merits and not by default judgment." Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970).

"Default judgments are a harsh sanction." Ruplinger v. Rains, 946 F.2d 731, 732 (10th Cir. 1991). The Court has noted that, "[b]ecause default judgment is a harsh sanction involving a court's power to enter and enforce judgments regardless of the merits of a case, courts do not favor such a sanction 'purely as a penalty for delays in filing or other procedural error.'" Noland v. City of Albuquerque, CIV 08-0056 JB/LFG, 2009 WL 2424591, at *1 (D.N.M. June 18, 2009 )(Browning, J.)(quoting Ruplinger v. Rains, 946 F.2d at 733).

> [S]trong policies favor resolution of disputes on their merits: [T]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the

>diligent party must be protected lest he be faced with interminable delay and
>continued uncertainty as to his rights. The default judgment remedy serves as
>such a protection.

*Id.* at 732-33 (citations omitted)(internal quotation marks omitted). See also Noland v. City of Albuquerque, 2009 WL 2124591, at *1 (denying motion for default judgment, because the counsel for the defendant City of Albuquerque "entered an appearance three days after Noland filed his motion for default judgment," and, thus, the Court could not "reasonably say that the City of Albuquerque is an essentially unresponsive party, that the adversary process has been halted, or that Noland faces interminable delay because of the City of Albuquerque's actions").

**B. Defendants' Delay in Responding to the Lawsuit was Not Culpable.**

During the times relevant to responding to the Amended Complaint, Defendant Jana Taylor, the sole member and manager of Defendant RevProtect, LLC, has been consumed with supporting and assisting her husband, Defendant Jason Taylor, through the complex and trying federal criminal process outlined above, including efforts to assist and support him in defense of the forgery charges while he remained incarcerated in Salt Lake County Jail, and then his transport to FCI Terminal Island.  During the very time period that Defendants were ordered to answer the Amended Complaint, Mrs. Taylor had lost all communication with her husband while he was in transit to FCI Terminal Island and has since been trying to run her home effectively as a "single mother" and to manage all family and financial matters in the absence of her husband, and also support Mr. Taylor as he serves his federal sentence.  Defendants had no intent to gain an advantage over the opposing party or to delay legal proceedings.

In Global Payments Direct v. Intelligent Payments (case no. 1:14-CV-02634-LMM) referred to in Plaintiff's Amended Compliant her, Third Party Plaintiff Intelligent Payments

6

appealed for fundamental fairness and equity in its Response, (Document No. 51), to the Georgia District Court's Order to Show Cause why Plaintiff's Third-Party Complaint in that action should not be dismissed for failure to prosecute. (Document No. 49). The Order to Show Cause and Plaintiff's Response are filed concurrently herewith as Exhibits B and C.

On Page 3 of its Response to the Georgia District Court OSC (See Exhibit C) Plaintiff argued that,

> while the Plaintiff might be said to have been dilatory in its own regard, no court orders have been disobeyed or ignored, the Plaintiff has not failed to respond to any outstanding discovery or other directives and at worst cannot be said to be guilty of anything beyond simple negligence. Further, and as discussed, the Plaintiff is now ready to commence with the orderly disposition of this matter pursuant to the rules. WHEREFORE, The Plaintiff respectfully requests that this action not be dismissed for failure to prosecute but that the action be allowed to proceed in a henceforth timely and orderly fashion,

Defendants here ask that this Court give the same consideration to them that Plaintiff sought in Georgia.

### C. Plaintiff Will Not Suffer Prejudice If Entry of Default Is Set Aside.

Prejudice is determined by whether a party will be hindered in pursuing its claim. See Knoebber, 244 F.3d at 701. The fact that a party may be denied a quick victory is not sufficient to deny relief from default judgment. Bateman v. United States Postal Service, 231 F.3d 1220, 1225 (9th Cir. 2000). "The delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." Audio Toys, 2007 U.S. Dist. LEXIS at *9.

As set forth above, there was an initial one year delay in moving this case forward which was entirely the responsibility of the Plaintiff based on deficient pleading of diversity jurisdiction. Defendants responsibly, although ultimately unsuccessfully, challenged the

problems they saw in pleading and service of the Amended Complaint. The four month delay since the Court denied Defendant's Rule 12 motions and ordered that they respond to the Amended Compliant will not stop or prejudicially delay the further process of discovery, notice of ADR and scheduling. Furthermore, Plaintiff has made no allegation that it has been prejudiced by the four month delay.

### D. Defendants Meritorious Defenses and Oppositions to the Lawsuit.

All that is required to meet the meritorious defense test is an assertion of "a factual or legal basis that is sufficient to raise a particular defense; the question of whether a particular factual allegation is true is resolved at a later stage." Audio Toys, Inc. v. Smart AV Pty Ltd., 2007 U.S. Dist. LEXIS 44078, *8 (N.D. Cal. June 6, 2007).

Filed concurrently herewith as Exhibit D, is the Answer Defendants Jana Taylor and RevProtect will file with the Court if allowed to. It's responses and affirmative defenses suggest that it there are meritorious defenses to the allegations in the Amended Complaint.

### IV.  CONCLUSION

Based upon the forgoing, Defendants Jana Taylor and RevProtect LLC respectfully petition this Court to exercise its discretion, in light of the lack of prejudice to Plaintiff, the still early stage of the case, the potential for meritorious defenses, and the preference for deciding cases on their merits, and find that good cause exists here to deny the entry of default or default judgment.

DATED this 15th Day of September, 2017.

 /s/ Mark L. Shurtleff  
MARK L. SHURTLEFF  
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th Day of September, 2017, a true and correct copy of DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE was electronically filed with the Clerk of Court using the CM/ECF Pacer system, which sent notification of such filing to:

Grant M. Sumsion
Daniel L. Steele
SUMSION STEELE &
CRANDALL
3400 N Ashton Blvc. Ste. 490
Lehi, UT 84043

*/s/ Mark L. Shurtleff*
Mark L. Shurtleff